The opinion of the Court was delivered by
Whitner, J.
This plaintiff on being discharged by the defendant, certainly had an election of remedies. As in the case of Rye vs. Stubbs, (1 Hill, 384,) there was nothing left for the plaintiff to perform, and defendant would not be permitted to say the contract was still open to defeat such election. In that case, the Judge says — “ The plaintiff had the right to elect whether he would proceed on the original contract for the whole year’s wages, or to,consider it at an end, and proceed on a quantum valebat for work and labor.” Such a rule is fully sustained by authority, and is precisely applicable to this case as far as it goes. It remains only to be adjudged when the sum *467 claimed may be demanded by suit. The reason of the rule furnishes the true solution. The contract, when entered into, was mutually binding. The legal right to abandon the contract, vests only in the party who has been guilty of no default. (Chit. on Con. 741).
An election involves an obligation to rely on the one or the other remedy. The party entitled cannot pursue each. (2 Shepley, 364; 7 Greenl. R. 75.) If the contract is abandoned, and suit brought to recover on the general count, his right to sue, as well as his right to compensation, is as though no contract had been entered into — analogous to the ordinary case of work and labor; the obligation to compensate follows, and forthwith suit may be brought. Here the plaintiff elects to proceed on the written contract, and by it he must be governed. He cannot rely on it in part and reject in part. Consistently he may excuse himself for the non-performance of his part of the contract, but he cannot re-cast it so as to visit on the defendant any new or greater liability than such as was originally incurred. The written contract stipulates for a year’s services for which defendant agreed to pay one hundred and twenty dollars. There is no ground for pretence that this was an engagement to pay by the month or in advance. It was an entire contract, and demandable at the end of the year, except as to the provisions, which were furnished. A just interpretation of the contract fixes the time of payment as certainly as though it had been named in express terms and time was of the escence of the contract. If plaintiff had remained in the service of the defendant, at work during the year, no one would have so construed the contract as to hold him liable to pay before the year was up. Because, by his misconduct, he has incurred a liability to pay, as though the service had been rendered, it would not do to hold the measure of compensation fixed but the day of payment ambulatory. The plaintiff having elected to sue on the contract, was properly required to stay his hand until the money was due.
The motion to set aside the non-suit is refused.
*468 O’Neall, Evans, Wardlaw, Frost and Withers, JJ. concurred.

Motion dismissed.